## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

CHARLES COMER, et al.

                      Plaintiffs,

v.

DIRECTV, INC., et al.

                      Defendants.

Case No.: 2:14-cv-01986-JLG-TPK

## DIRECTV'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### FOX ROTHSCHILD LLP

Keith R. McMurdy
100 Park Avenue, Suite 1500
New York, NY  10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
kmcmurdy@foxrothschild.com

Colin D. Dougherty (admitted *pro hac vice*)
Jonathan D. Christman (admitted *pro hac vice*)
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422-3001
Telephone:  (610) 397-6500
Facsimile:  (610) 397-0450
cdougherty@foxrothschild.com
jchristman@foxrothschild.com

*Attorneys for Defendant DIRECTV*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................... 1

II.    PLAINTIFFS' PRIOR LAWSUITS ....................................................................... 2

      A.    *Lang v. DIRECTV* ...................................................................................... 2

      B.    *Acfalle v. DIRECTV* .................................................................................. 2

      C.    *Arnold v. DIRECTV* .................................................................................. 3

      D.    *DIRECTV MDL* ......................................................................................... 4

III.   PLAINTIFFS' ALLEGATIONS .............................................................................. 4

IV.   STANDARD OF REVIEW ..................................................................................... 6

V.    LEGAL ARGUMENT ............................................................................................ 8

      A.    Plaintiffs' Complaint Must Be Dismissed Against DIRECTV Because
           Plaintiffs Fail To Sufficiently Plead That DIRECTV Is Their Joint Employer...... 8

      B.    Plaintiffs' Complaint Must Be Dismissed Because It Fails To State A
           Plausible Claim For Any Minimum Wage Violation Or Unpaid Overtime
           Wages Under The FLSA.............................................................................. 10

      C.    Plaintiffs' Complaint Must Be Dismissed To The Extent It Seeks Recovery
           Beyond A Two-Year Period For Any Individual Plaintiff Because Plaintiffs
           Fail To Plead Willfulness Triggering A Three-Year Limitations Period. ............ 15

      D.    Plaintiffs' Complaint Must Be Dismissed To The Extent It Seeks Any
           Recovery Under The FLSA Based Upon Recordkeeping Violations................... 17

VI.   CONCLUSION...................................................................................................... 17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Antonio Acfalle, et al. v. DirecTV, Inc., et al.*,
   No. 13-8108 (C.D. Cal.).....................................................................2, 3, 16

*Arnold v. DIRECTV, et al.*,
   Case No. 10-0352.............................................................................3, 4, 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................. *passim*

*Austin v. Kasich*,
   No. 12-983, 2013 WL 1324354 (S.D. Ohio Mar. 29, 2013)....................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................6, 7, 12, 13

*Bennett v. UniTek Global Servs., Inc.*,
   No. 10-4968, 2013 WL 4804841 (N.D. Ill. Sept. 9, 2013) .....................................8

*Boaz v. FedEx Customer Info. Servs., Inc.*,
   725 F.3d 603 (6th Cir. 2013) ...................................................................15

*Brown v. Florida Coastal Partners, LLC*,
   No. 13-1225, 2014 WL 5107706 (S.D. Ohio Oct. 10, 2014)...................................7

*Clark v. Shop24 Global, LLC*,
   No. 12-802, 2014 WL 60071 (S.D. Ohio Jan. 7, 2014) (Graham, J.)...................7, 8

*Davis v. Abington Memorial Hospital*,
   765 F.3d 236 (3rd Cir. 2014) ............................................................10, 11

*DeJesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013)......................................................................11

*In re: DIRECTV, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour
   Litigation*, MDL No. 2594 (J.P.M.L.)............................................................4

*Donovan v. Brandel*,
   736 F.2d 1114 (6th Cir. 1984) ..................................................................8

*Elwell v. Univ. Hosps. Home Care Servs.*,
   276 F.3d 832 (6th Cir. 2002) ..................................................................17

*Fegley v. Higgins,*
   19 F.3d 1126 (6th Cir. 1994) ....................................................................8

*Franks v. MKM Oil, Inc.,*
   No. 10-13, 2010 WL 2613983 (N.D. Ill. Sept. 8, 2010) ........................14

*Imars v. Contractors Mfg. Servs., Inc.,*
   165 F.3d 27, 1998 WL 598778 (6th Cir. Aug. 24, 1998) .........................8

*Int'l Longshoremen's Ass'n v. Norfolk S. Corp.,*
   927 F.2d 900 (6th Cir. 1991) ....................................................................9

*Keeton v. Time Warner Cable, Inc.,*
   No. 09-1085, 2011 WL 2618926 (S.D. Ohio July 1, 2011) (Marbley, J.)............8, 9

*Keller v. Miri Microsystems, LLC,*
   No. 12-15492, 2014 WL 1118446 (E.D. Mich. Mar. 20, 2014) ...............8

*Landers v. Quality Commc'ns,*
   771 F.3d 638 (9th Cir. 2014) ........................................................ *passim*

*Lang v. DirecTV, Inc., et al.,*
   No. 10-1085 (E.D. La.) ...........................................................................2, 3

*Lilley v. BTM Corp.,*
   958 F.2d 746 (6th Cir. 1992) ....................................................................8

*Lundy v. Catholic Health Systems of Long Island Inc.,*
   711 F.3d 106 (2d Cir. 2013)....................................................................11

*McLaughlin v. Richland Shoe Co.,*
   486 U.S. 128 (1988)................................................................................15

*Mezibov v. Allen,*
   411 F.3d 712 (6th Cir. 2005) ....................................................................6

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
   723 F.3d 192 (2d Cir. 2013)........................................................10, 11, 12

*Nicholson v. UTI Worldwide, Inc.,*
   No. 09-722, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010)........................14

*Perez v. Davis Design & Dev., Inc.,*
   No. 13-1118, 2013 WL 6835095 (W.D. Pa. Dec. 23, 2013) ..................16

*Perez v. Wells Fargo & Co.,*
   No. 14-0989, --- F. Supp. 3d ---, 2014 WL 6997618 (N.D. Cal. Dec. 11, 2014) ..................12

*Petty v. Russell Cellular, Inc.*,
    No. 13-1110, 2014 WL 340417 (S.D. Ohio Jan. 30, 2014) (Graham, J.) ............................6, 17

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012) ...................................................................................10, 11, 12, 13

*Rowlett v. Michigan Bell*,
    No. 11-1269, 2013 WL 308881 (W.D. Mich. Jan. 25, 2013) ..................................................15

*Samons v. Cardington Yutaka Techs., Inc.*,
    No. 08-988, 2009 WL 961168 (S.D. Ohio Apr. 7, 2009) (Graham, J.) ................................6, 7

*Skills Development Servs., Inc. v. Donovan*,
    728 F.2d 294 (6th Cir. 1984) ....................................................................................................8

*Solis v. Cascom, Inc.*,
    No. 09-257, 2011 WL 10501391 (S.D. Ohio Sept. 21, 2011) (Rose, J.) ..................................8

*Swinney v. AMcomm Telecomm., Inc.*,
    No. 12-12925, 2014 WL 2864805 (E.D. Mich. June 24, 2014) ................................................8

## **Statutes**

29 U.S.C. § 203(d) .........................................................................................................................8

29 U.S.C. § 255(a) .......................................................................................................................15

## **Other Authorities**

Fed. R. Civ. P. 8 .................................................................................................................6, 12, 13

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................6, 13

DIRECTV[1], by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiffs' Complaint.

## I.     INTRODUCTION

Plaintiffs are twenty-eight (28) current and former satellite installation technicians who purport to bring individual claims under the Fair Labor Standards Act ("FLSA") against DIRECTV, among others.  Plaintiffs' Complaint is filled with threadbare assertions, generic labels and unfounded legal conclusions and, as a result, fails to set forth the minimal facts necessary to state a plausible FLSA claim as required by United States Supreme Court and Sixth Circuit precedent.

As an initial matter, Plaintiffs fail to plead FLSA coverage because they have failed to plead the facts necessary to state a plausible claim that DIRECTV was their employer.  Plaintiffs admit that they never had a direct employment relationship with DIRECTV, and instead were either direct employees or independent contractors of unidentified entities.  Plaintiffs further admit that they were not hired or paid by DIRECTV.  Plaintiffs also fail to assert common ownership and common management between DIRECTV and these other unidentified entities to establish joint employer liability against DIRECTV.

But, even if Plaintiffs can survive the foregoing hurdle at this pleading stage, Plaintiffs' alleged minimum wage violations and unpaid overtime claims fail to state a cause of action under the governing FLSA pleading standard.  Plaintiffs' minimum wage claims must be dismissed because Plaintiffs have failed to plead any facts that would support an inference that any of them actually received an effective wage below the applicable minimum wage in any

---

[1]      Effective January 1, 2012, Defendant DIRECTV, Inc. merged into Defendant DIRECTV, LLC and out of existence.  Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC, currently exists.  Throughout this brief, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

workweek. Plaintiffs' overtime claims similarly fail because Plaintiffs wholly fail to identify any single workweek in which they worked over forty hours and did not receive overtime for the hours worked over forty. These deficiencies are particularly glaring in this matter, where, for all but one of the Plaintiffs in this action, this is not the first time they have tried to assert a viable FLSA claim against DIRECTV. Plaintiffs' Complaint must be dismissed.

## II. PLAINTIFFS' PRIOR LAWSUITS

### A. *Lang v. DIRECTV*

Four of the Plaintiffs (Charles Comer, Gregory Evans, Donald Sillars, and Gary Steele) were former opt-in Plaintiffs to an FLSA collective action in the case of *Lang v. DirecTV, Inc., et al.*, No. 10-1085, in the U.S. District Court for the Eastern District of Louisiana. *See* D.E. 1, Compl. at ¶ 89. However, on September 3, 2013, the conditionally certified collective action in *Lang* was decertified by Judge Nannette J. Brown, and the opt-in plaintiffs' individual FLSA claims were dismissed without prejudice. This Order memorialized an agreement by the parties prohibiting the opt-in plaintiffs "from joining, pursuing, or initiating any other collective or class action against DIRECTV . . . for the claims made in this matter." *See Lang*, *supra*, Sept. 3, 2013 Order (attached hereto as Exhibit "1").

### B. *Acfalle v. DIRECTV*

Notwithstanding the above-referenced agreement and Order in *Lang*, approximately two months later, on November 1, 2013, the same law firms representing plaintiffs in *Lang* (principally, Stueve Siegel & Hanson) filed multiple "mass" actions in the U.S. District Court for the Central District of California on behalf of more than three hundred (300) plaintiffs from more than thirty different states alleging individual violations of the FLSA.[2] The four Plaintiffs

---

[2] In many of these "mass" actions, the plaintiffs also alleged various state law claims. No state law claims are alleged in this case.

identified above from the decertified *Lang* case and three additional Plaintiffs in the case at bar (Paul Groninger, Pierre LaForest, and Tyler Reinhart) were some of the 278 named plaintiffs involved in *Antonio Acfalle, et al. v. DirecTV, Inc., et al.*, No. 13-8108 (C.D. Cal.), one of the eleven actions filed by the same law firm in that Court. *See* D.E. 1, Compl. at ¶ 90.

The *Acfalle* plaintiffs brought their claims against DirecTV Inc., which was a defendant in *Lang*, but also, for the first time, alleged FLSA claims against several new defendants who were not parties to the *Lang* case, including DirecTV, LLC, and several Home Service Providers ("HSP")[3], DTV Home Services II, LLC, MasTec North America, Inc. ("MasTec"), Multiband Corp. ("Multiband"), and DirectSat USA, LLC ("DirectSat"), two of whom are named Defendants in this case (DirectSat and Multiband). Among other things, the defendants in *Acfalle* moved to sever the plaintiffs' claims because their individual FLSA claims were all asserted in the same lawsuit. On July 22, 2014, the Court dismissed the claims of the plaintiffs who were only asserting FLSA claims, including the seven Plaintiffs identified above, without prejudice to refile their individual claims in a court closer to their home state or where they were employed. *See* D.E. 1, Compl., at ¶ 90.

## C. *Arnold v. DIRECTV*

Additionally, twenty of the Plaintiffs in this case previously filed consents to become party plaintiffs for a conditionally certified FLSA class in the case of *Arnold v. DIRECTV, et al.*, Case No. 10-0352, which is currently pending in the U.S. District Court for the Eastern District of Missouri. *See* D.E. 1, Compl., at ¶ 92.[4] On December 12, 2014, after Plaintiffs had filed this

---

[3] The term "HSP" refers to "Home Service Provider." Each HSP is a separately organized entity and independently owned and operated business competitor that contracts with DIRECTV to perform DIRECTV installation and repair technician work. For example, Defendant DirectSat is formed under the laws of Delaware and headquartered in Pennsylvania.

[4] One Plaintiff (Chad Hoover) was not a plaintiff in *Lang*, *Acfalle*, or *Arnold*.

3

litigation, that Court entered an Order dismissing these Plaintiffs from the *Arnold* litigation without prejudice but prohibiting these individuals from joining, pursuing or initiating a class or collective action for the claims made in *Arnold.  See Arnold*, *supra*, D.E. 244, December 12, 2014 Order (attached hereto as Exhibit "2").

  **D.**  ***DIRECTV MDL***

  On October 17, 2014, three days prior to commencing the instant lawsuit, the same Counsel representing the Plaintiffs herein (Stueve Siegel & Hanson) filed with the Judicial Panel on Multidistrict Litigation (JPML) a petition on behalf of approximately seventy plaintiffs from eleven actions pending in other federal district courts to consolidate and coordinate all pretrial proceedings in the various matters, including dispositive motions.  *See In re: DIRECTV, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL No. 2594 (J.P.M.L.) ("*DIRECTV MDL*") (D.E. 1).[5]  Oral argument on the petition is scheduled for January 29, 2015.

**III.**  **PLAINTIFFS' ALLEGATIONS**

  In support of their individual FLSA claims against DIRECTV, Plaintiffs generically allege that they were "employees" of DIRECTV, as well as the unidentified "Providers" of DIRECTV.  *See* D.E. 1, Compl., at ¶¶ 3, 67.  They fail to identify the entity or entities with whom each Plaintiff had a direct relationship, either as an employee or an independent contractor.  Moreover, Plaintiffs admit DIRECTV did not hire them.  *See* D.E. 1, Compl., at ¶ 64.  While Plaintiffs allege that DIRECTV set the rate of pay made to Providers for the installation work that Plaintiffs performed, they do not allege that DIRECTV set the rate and method of payment of wages that the Plaintiffs actually received from their direct employer.  *See* D.E. 1, Compl., at ¶ 66.  In fact, Plaintiffs specifically admit that an entity other than DIRECTV

---

[5]  In the MDL action, Plaintiffs' Counsel has also filed a "Notice of Tag Along Action" indicating their intent to have the case at bar included with any consolidation ordered by the JPML.

"administered payroll and provided Plaintiffs with their paychecks." *Id.* They likewise admit that there was "no contract, memorandum, or other document" between Plaintiffs and DIRECTV memorializing or explaining how Plaintiffs were paid. *See* D.E. 1, Compl., at ¶ 78.

Although 75% of the Plaintiffs (21 of 28) admit they are no longer installing DIRECTV systems (*see* D.E. 1, Compl., at ¶¶ 94, 98, 102, 110, 126, 130, 134, 138, 142, 146, 150, 158, 162, 166, 170, 174, 182, 186, 190, 194, and 198), they make no allegations with respect to how their employment ended and do not allege that DIRECTV terminated their employment. *See generally* D.E. 1, Compl. The only allegations Plaintiffs make with respect to their purported employment with DIRECTV is that DIRECTV allegedly exerted control over Plaintiffs' work through assigning work orders, requiring equipment to be installed using particular methods and standards of installation, performing quality control inspections of the work performed by Plaintiffs, and requiring Plaintiffs to wear a uniform containing a DIRECTV logo and to display a DIRECTV logo on vehicles driven to customers' homes. *See* D.E. 1, Compl., at ¶¶ 47, 50, 65, 69, 72.

With respect to their minimum wage claims, Plaintiffs allege that DIRECTV's policies and practices of imposing chargebacks, failing to compensate for all hours worked, and failing to reimburse necessary business expenses, resulted in each Plaintiff "being routinely subjected to working at an effective wage rate of less than the applicable minimum wage." *See* D.E. 1, Compl., at ¶¶ 87, 96, 100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 140, 144, 148, 152, 156, 160, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204.

With respect to their unpaid overtime claims, Plaintiffs allege that they "routinely" worked more than 40 hours per week and "were not paid the overtime premium required by applicable law for work done beyond 40 hours in a given work week." *See* D.E. 1, Compl., at ¶¶

85-86, 94, 98, 102, 106, 110, 114, 118, 122, 126, 130, 134, 138, 142, 146, 150, 154, 158, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202. Plaintiffs also allege that each of them "spent in excess of [50 to 60] hours per week performing tasks for the benefit of Defendants, many unpaid." *See* D.E. 1, Compl., at ¶¶ 95, 99, 103, 107, 111, 115, 119, 123, 127, 131, 135, 139, 143, 147, 151, 155, 159, 163, 167, 171, 175, 183, 187, 191, 195, 199; *see also id.* at ¶¶ 179 and 203 (technicians alleging that they spent "approximately 50 to 55 hours per week" or "approximately 50 to 60 hours per week" performing such tasks). But, Plaintiffs fail to identify any specific work week in which they worked more than 40 hours and were denied overtime.

## IV.     <u>STANDARD OF REVIEW</u>

A Rule 12(b)(6) motion tests the sufficiency of a complaint. Although the pleading standard set forth in Rule 8 does not require "detailed factual allegations" in a complaint, it nonetheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff is obligated to assert the grounds upon which he is entitled to relief, and, in doing so, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Samons v. Cardington Yutaka Techs., Inc.*, No. 08-988, 2009 WL 961168, at *2 (S.D. Ohio Apr. 7, 2009) (Graham, J.); *Austin v. Kasich*, No. 12-983, 2013 WL 1324354, at *2 (S.D. Ohio Mar. 29, 2013) (Kemp, M.J.). Instead, the complaint must outline with sufficient facts each element of the cause of action asserted. *Iqbal*, 556 U.S. at 678; *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (complaint must contain direct or inferential allegations with respect to "all material elements necessary to sustain a recovery under some viable legal theory"); *Petty v. Russell Cellular, Inc.*, No. 13-1110, 2014 WL 340417, at *1 (S.D. Ohio Jan. 30, 2014) (Graham, J.).

6

In order to survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Landers v. Quality Commc'ns*, 771 F.3d 638 (9th Cir. 2014) (affirming dismissal of a minimum wage and overtime wage FLSA claims brought by technicians paid on a piece-rate basis where plaintiff failed to plead facts necessary to state a plausible claim). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). A plaintiff must instead plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level," and a plaintiff must provide the grounds for his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 555-56 (citations omitted). "[N]aked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678; *see also Samons*, 2009 WL 961168, at *2 ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

Furthermore, when evaluating the sufficiency of a complaint, although this Court must accept all allegations in a Complaint as true, this tenet is inapplicable to legal conclusions. *See Clark v. Shop24 Global, LLC*, No. 12-802, 2014 WL 60071, at *2 (S.D. Ohio Jan. 7, 2014) (Graham, J.); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Brown v. Florida Coastal Partners, LLC*, No. 13-1225, 2014 WL 5107706, at *2 (S.D. Ohio Oct. 10, 2014) (notice pleading requires more than "bare assertions of legal conclusions") (Kemp, M.J.). Thus,

pleadings that are no more than conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *Clark*, 2014 WL 60071, at *2. Indeed, as the Supreme Court explained, courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

## V.  LEGAL ARGUMENT

### A.  Plaintiffs' Complaint Must Be Dismissed Against DIRECTV Because Plaintiffs Fail To Sufficiently Plead That DIRECTV Is Their Joint Employer.

Plaintiffs have not pled facts in their Complaint that would entitle them to recovery against DIRECTV under the FLSA, because they have not, and cannot, properly plead the existence of an employment relationship with DIRECTV—a necessary prerequisite to establish FLSA coverage.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In determining whether an individual or entity is an employer, Sixth Circuit courts analyze the "economic realities" of the relationship between the parties based upon the totality of the circumstances. *See Lilley v. BTM Corp.*, 958 F.2d 746, 750 (6th Cir. 1992).[6] More than one entity can be found to be a worker's employer. *See Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Skills Development Servs., Inc. v. Donovan*, 728 F.2d 294, 300 (6th Cir. 1984). But, in determining

---

[6]  In this analysis, six factors are typically considered: (1) the permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business. *See Donovan v. Brandel*, 736 F.2d 1114, 1117 (6th Cir. 1984); *see also Imars v. Contractors Mfg. Servs., Inc.*, 165 F.3d 27, 1998 WL 598778, at *5 (6th Cir. Aug. 24, 1998); *Keeton v. Time Warner Cable, Inc.*, No. 09-1085, 2011 WL 2618926, at *2 (S.D. Ohio July 1, 2011) (Marbley, J.); *Solis v. Cascom, Inc.*, No. 09-257, 2011 WL 10501391, at *3-4 (S.D. Ohio Sept. 21, 2011) (Rose, J.). "It is well established that 'none of the six factors is dispositive'" on its own. *See Swinney v. AMcomm Telecomm., Inc.*, No. 12-12925, 2014 WL 2864805, at *2 (E.D. Mich. June 24, 2014) (quoting *Bennett v. UniTek Global Servs., Inc.*, No. 10-4968, 2013 WL 4804841, at *5 (N.D. Ill. Sept. 9, 2013); *see also Keller v. Miri Microsystems, LLC*, No. 12-15492, 2014 WL 1118446, at *5 (E.D. Mich. Mar. 20, 2014).

whether two companies are joint employers under the FLSA, Sixth Circuit courts analyze four factors:  (1) the interrelations between the companies; (2) common management; (3) centralized control of labor relations; and (4) common ownership.  *See Int'l Longshoremen's Ass'n v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991); *see also Keeton*, 2011 WL 2618926, at *3.

Here, Plaintiffs fail to allege facts sufficient to support a finding that DIRECTV is a joint employer along with some other entity.  As an initial matter, Plaintiffs wholly fail to plead the identity of the entity that actually employed them or whether they had an independent contractor relationship with any entity.  From the complaint, it cannot be determined whether Plaintiffs are alleging that they were direct employees of another entity and DIRECTV was the "joint employer" along with the other entity or entities; or whether Plaintiffs are alleging that they were independent contractors of another entity, and that DIRECTV was somehow their direct employer and not the other entity; or whether Plaintiffs are alleging that although they had an independent contracting relationship with another entity, that other entity was really a direct employer and DIRECTV was their joint employer.  Instead, the Complaint only alleges in a conclusory fashion that "DIRECTV, through the Providers, exerted control over Plaintiffs sufficient to establish that they employed Plaintiffs" and "DIRECTV and the Providers constitute employers subject to liability under the FLSA."  *See* D.E. 1, Compl., at ¶ 67.  Fundamentally, no Plaintiff alleges to be a direct employee of DIRECTV.

Also, Plaintiffs do not allege any "common management" or "common ownership" among DIRECTV and their purported (but unidentified) direct employer(s).  Moreover, Plaintiffs fail to sufficiently plead centralized control of labor relations between DIRECTV and their purported (but unidentified) direct employer(s) because they plainly admit that (1) they were not hired by DIRECTV (*see* D.E. 1, Compl., ¶ 64); (2) they concede they were not paid by

9

DIRECTV (*id.* at ¶ 66); and (3) although 75% of Plaintiffs are apparently no longer installing DIRECTV systems, they do not allege that DIRECTV fired them, terminated their contractual relationship, or even that DIRECTV had the power to do so. *See generally* D.E. 1, Compl. Otherwise, simply pointing to an independent contractor agreement between DIRECTV and other entities (*i.e.*, HSPs), including the other named Defendants, also fails to sufficiently plead interrelations between the companies because Plaintiffs do not allege to be direct employees of the HSPs. Thus, Plaintiffs have not stated a plausible claim that DIRECTV was their joint employer based on the factors recognized by the Sixth Circuit. Accordingly, Plaintiffs' claims should be dismissed.

> **B. Plaintiffs' Complaint Must Be Dismissed Because It Fails To State A Plausible Claim For Any Minimum Wage Violation Or Unpaid Overtime Wages Under The FLSA.**

To state a viable FLSA claim that withstands a motion to dismiss post-*Twombly* and *Iqbal*, a plaintiff must do more than plead vague and generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA. *See, e.g.*, *Landers v. Quality Commc'ns,* 771 F.3d 638, 644-45 (9th Cir. 2014); *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 242-43 (3rd Cir. 2014); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012). As appellate decisions from the First, Second, Third, and Ninth Circuits have confirmed, it is not enough for an FLSA plaintiff to simply state that he did not receive appropriate compensation at some point during his employment tenure.

To survive a motion to dismiss an FLSA overtime claim, the plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644-45 (citing *Pruell*, 678 F.3d at 13); *see also Davis*, 765 F.3d at 242-43 (holding that nurses and other patient-care

10

professionals failed to state a claim under the FLSA for unpaid overtime because they did not allege any workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (allegations that the plaintiff worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of 40 hours amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim); *Lundy v. Catholic Health Systems of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (finding that the plaintiffs failed to plead a plausible claim that the FLSA was violated because they had not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time over 40 hours).

In contrast, a plausible FLSA claim by an alleged employee "provide[s] sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201; *see also Pruell*, 678 F.3d at 12 (affirming dismissal of amended complaint asserting FLSA claim because of "the lack of any information on plaintiff['s] approximate weekly wages and hours worked, or even an allegation that [he] had worked in excess of forty hours in any workweek"). "A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645. But, plaintiffs in FLSA cases "should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646. Mere statements that a plaintiff "regularly" or "consistently" worked more than forty hours but was not paid overtime do not satisfy the pleading requirements of Rule 8. *Id.*; *see also Pruell*,

678 F.3d 10 (affirming dismissal of complaint where plaintiffs alleged that they "regularly worked" over 40 hours a week and were not compensated for such time).

In the case at bar, Plaintiffs have wholly failed to make the specific allegations required under the governing pleading standard to support their FLSA claims and, as a result, their claims must be dismissed.  As in *Nakahata*, Plaintiffs here have "merely alleged" that they "were not paid for overtime hours worked."  *See Nakahata*, 723 F.3d at 201.  Also, no Plaintiff has pled sufficient detail about the length and frequency of their allegedly unpaid work to support a reasonable inference that he worked more than forty hours in a given week.  *Id.*  Moreover, no Plaintiff has alleged with any specificity when he worked the purportedly unpaid overtime hours. Indeed, each individual Plaintiff wholly fails to identify **any single workweek** in which he worked over 40 hours and did not receive overtime pay for those hours.  *See*, *e.g.*, *Perez v. Wells Fargo & Co.*, No. 14-0989, --- F. Supp. 3d ---, 2014 WL 6997618, at *8 (N.D. Cal. Dec. 11, 2014) (granting defendant's motion for judgment on the pleadings as to FLSA claims with leave to amend and indicating that, in accordance with *Twombly/Iqbal*, "plaintiffs must plead facts as to each of the FLSA plaintiffs showing a specific week in which he/she worked more than 40 hours a week and was not compensated for overtime, or in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA"); *see also Landers*, 771 F.3d at 646; *Pruell*, 678 F.3d at 12. Moreover, no Plaintiff identifies the rate of pay that he received or any specific instances where their effective pay rate was less than the minimum wage.[7]

---

[7]        Further, Plaintiffs' allegations that DIRECTV failed to properly calculate Plaintiffs' regular rate of pay for overtime purposes is also a legal conclusion that is not entitled to the presumption of truth following *Iqbal* and *Twombly*.  *Pruell*, 678 F.3d at 13.

The Ninth Circuit's recent analysis in *Landers* demonstrates precisely why Plaintiffs' FLSA claims fail under *Twombly* and *Iqbal*. In *Landers*, the plaintiff was a cable services installer. *Id.* at 640. He alleged that he and other similarly situated employees were compensated on a piecework basis and not paid overtime for work in excess of 40 hours per week in violation of the FLSA. He also alleged the employer improperly calculated his regular rate of pay. *Id.* The employer moved to dismiss the Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* The district court granted the motion, concluding that the employee failed to state a plausible claim for unpaid minimum wages and overtime wages. *Id.* The district court determined that the complaint did "not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages." *Id.* The Ninth Circuit affirmed the district court's ruling and explained "[n]otably absent from the allegations in Lander's complaint, however, was any detail regarding a specific workweek when Landers worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages." *Id.* at 646.

Plaintiffs' minimum wage claims fair no better. The crux of Plaintiffs' minimum wage claim is that they were "routinely" subjected to working at a wage rate less than the applicable minimum wage because they were not compensated for all hours worked, DIRECTV did not reimburse them for all necessary business expenses and they were subject to "charge backs" from their pay. *See* D.E. 1, Compl., at ¶¶ 87, 96, 100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 140, 144, 148, 152, 156, 160, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204. But, Plaintiffs' assertion that they were routinely subjected to a wage rate less than the minimum wage is a mere label or conclusion which cannot be considered when determining whether Plaintiffs have stated a plausible claim. *See Pruell*, 678 F.3d at 13. Critically, Plaintiffs'

Complaint is devoid of the factual allegations necessary to make a plausible claim for a minimum wage violation, namely: (1) how many hours they worked for which they were not compensated and in which weeks they worked those hours; (2) what their rate of pay was; (3) what amount of business expenses they incurred for which they were not reimbursed; and (4) the number and amount of charge backs that were allegedly deducted from their pay.

Because Plaintiffs have failed to plead these essential facts, they have not plausibly alleged that in any work week they were subjected to an effective wage rate that was less than the minimum wage required by the FLSA. *See Landers*, 771 F.3d at 646 (affirming dismissal of minimum wage claim where FLSA plaintiff failed to allege a single workweek where he "was not paid minimum wages"); *see also*, *e.g.*, *Nicholson v. UTI Worldwide, Inc.*, No. 09-722, 2010 WL 551551, at *4-5 (S.D. Ill. Feb. 12, 2010) (dismissing minimum wage claim explaining that where the employee's total weekly wage is equal to or greater than his hours worked multiplied by the minimum hourly rate, the employer has satisfied the minimum wage requirement, and where the employee merely pled he worked overtime or time off-the-clock, but has not pled facts with respect to how many hours he worked off-the-clock, what his weekly pay was, or what his effective hourly rate was, he has not adequately pled a minimum wage claim); *Franks v. MKM Oil, Inc.*, No. 10-13, 2010 WL 2613983, at *4 (N.D. Ill. Sept. 8, 2010) (granting motion to dismiss plaintiff's minimum wage claim because plaintiff did not plead facts regarding the amounts of repayments she was allegedly required to make and how much she earned in any given workweek to determine the plausibility of a minimum wage claim).

In light of the multiple glaring deficiencies identified above, Plaintiffs cannot maintain an FLSA claim against DIRECTV based upon mere conclusory allegations and threadbare recitals that DIRECTV violated the FLSA. Such allegations fail to satisfy even the liberal pleading

14

requirements of the Federal Rules of Civil Procedure. Thus, Plaintiffs' FLSA claims should be dismissed for failing to state a plausible violation of the FLSA.

**C.  Plaintiffs' Complaint Must Be Dismissed To The Extent It Seeks Recovery Beyond A Two-Year Period For Any Individual Plaintiff Because Plaintiffs Fail To Plead Willfulness Triggering A Three-Year Limitations Period.**

In addition to the foregoing deficiencies warranting dismissal, Plaintiffs' individual FLSA claims must be dismissed to the extent they seek recovery beyond a two-year period because Plaintiffs' Complaint fails to allege facts to establish willfulness. In general, a cause of action against an alleged employer under the FLSA for a minimum wage violation or purportedly unpaid overtime must be commenced within two years after the cause of action accrued or it will be "forever barred." 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 605 (6th Cir. 2013) ("The statute of limitations for the FLSA is two years for non-willful violations and three years for willful ones."). To establish willfulness under the FLSA, a plaintiff must show that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133.

In the case at bar, Plaintiffs do not plead a "willful" violation of the statute necessary to extend the FLSA statute of limitations to three years. Instead, Plaintiffs simply make generic declarations of willfulness with no facts to support these assertions. *See*, *e.g.*, D.E. 1, Compl., at ¶¶ 75, 212-214. Accordingly, for any individual Plaintiff seeking to pursue any FLSA claims against DIRECTV for an alleged employment period more than two years beyond the date of filing the Complaint, such recovery is time-barred under the statute. *See*, *e.g.*, *Rowlett v. Michigan Bell*, No. 11-1269, 2013 WL 308881, at *2 (W.D. Mich. Jan. 25, 2013) (adopting order dismissing FLSA claim as time-barred under two-year statute of limitations, because "while Plaintiff makes the conclusory assertion that [Defendant] acted willfully, Plaintiff has failed to

15

allege any facts which would establish such"); *Perez v. Davis Design & Dev., Inc.*, No. 13-1118, 2013 WL 6835095, at *6 (W.D. Pa. Dec. 23, 2013) (granting motion to dismiss claims based upon two-year limitations period where Complaint did not allege employer willfulness).

Several Plaintiffs (*i.e.*, Curtis Dodd, Ronald Reinhart, Joseph Urdak, James Williams) allege that their purported employment period ended sometime in 2010, more than two years after they joined the *Arnold* litigation as opt-in plaintiffs. Thus, even assuming, *arguendo*, they may receive periods of Court-ordered tolling on their individual claims against DIRECTV only from prior actions against DIRECTV, without willfulness, their claims are barred. In fact, James Williams appears to have joined the *Arnold* case more than three years after his alleged last date of employment and, thus, even if he receives a three-year limitations period and tolling from the *Arnold* action, his claim is barred. *See* Ex. 3, Williams Consent Form (filed February 15, 2013); *see also* D.E. 1, Compl., at ¶ 190 (alleging a last date of employment in February 2010).

Moreover, many Plaintiffs allege employment periods well beyond even a three-year limitations period—and thus, even with tolling against DIRECTV, individual claims for recovery from those time periods must be dismissed. By way of example only, Paul Groninger alleges an employment period from 2003 through October 2013. *See* D.E. 1, Compl., at ¶ 102. He first asserted his claim against DIRECTV on November 1, 2013 when the *Acfalle* complaint was filed. Thus, even if he receives a three-year limitations period and tolling from the *Acfalle* action, he is barred from recovering any FLSA damages prior to November 1, 2010. A similar analysis can be done to dismiss certain periods of alleged employment for nearly every Plaintiff in this action who allege dates of employment beyond the applicable statute of limitations. These claims must be dismissed.

**D.    Plaintiffs' Complaint Must Be Dismissed To The Extent It Seeks Any
Recovery Under The FLSA Based Upon Recordkeeping Violations.**

Finally, to the extent Plaintiffs seek to prosecute a claim under the FLSA against

DIRECTV based upon purported recordkeeping violations, such claims must be dismissed.  The

Sixth Circuit and this Court have previously held that the FLSA does not recognize private

causes of action for recordkeeping violations.  *See Petty*, 2014 WL 340417, at *1; *see also Elwell

v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) (Section 216(b) "does not

authorize employee suits for violations of the FLSA's recordkeeping requirements.").

In their Complaint, Plaintiffs allege that DIRECTV allegedly violated the FLSA and

"failed to keep accurate records of all hours worked by, compensation paid to, and expenses

incurred by Plaintiffs."  *See* D.E. 1, Compl., at ¶ 214; *see also id.* at ¶ 75 (DIRECTV "fail[ed] to

keep accurate records in order to save payroll costs.").  Such recordkeeping claims are not

cognizable under the FLSA, and must be dismissed.  *See Elwell*, 276 F.3d at 843; *Petty*, 2014

WL 340417, at *1.

**VI.    CONCLUSION**

For all the foregoing reasons, DIRECTV respectfully requests this Honorable

Court grant its Motion to Dismiss Plaintiffs' Complaint.


Dated:  January 5, 2015                    Respectfully submitted:

                                           **FOX ROTHSCHILD LLP**

                                           /s/ Keith R. McMurdy
                                           *One of the Attorneys for DIRECTV*

17

## <u>CERTIFICATE OF SERVICE</u>

      I, Keith R. McMurdy, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

                      By: /s/ Keith R. McMurdy
                          Keith R. McMurdy

Dated:  January 5, 2015