**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| CHARLES COMER, *et al.*, | |
| *Plaintiffs,* | Case No. 2:14-cv-01986-JLG-TPK |
| v. | Senior District Judge James L. Graham |
| | Magistrate Judge Terence P. Kemp |
| DIRECTV, LLC, *et al.*, | |
| *Defendants.* | |

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' "CONDITIONAL MOTION FOR TIME WITHIN WHICH TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT"**

---

**FOX ROTHSCHILD LLP**

Colin D. Dougherty (Trial Attorney; admitted *pro hac vice*)
Jonathan D. Christman (admitted *pro hac vice*)
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422-3001
Telephone:  (610) 397-6500
Facsimile:  (610) 397-0450
cdougherty@foxrothschild.com
jchristman@foxrothschild.com

*Attorneys for Defendants*
*DIRECTV, LLC and DirectSat USA, LLC*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT................................................................................................................... 1

CONCLUSION................................................................................................................ 3

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                       **Page(s)**

*Evans v. Pearson Enterprises, Inc.*,
   434 F.3d 839 (6th Cir. 2006) ......................................................................................2, 3

*Nation v. United States Government*,
   512 F.Supp. 121 (S.D. Ohio 1981)......................................................................................2

*The Way Int'l v. Executive Risk Indem., Inc.*,
   No. 07-294, 2008 WL 906006 (S.D. Ohio Mar. 31, 2008) (Rice, J.) ......................................2

**Other Authorities**

Fed.R.Civ.P. 7......................................................................................................................2

Fed.R.Civ.P. 15....................................................................................................................2

Defendants DIRECTV, LLC ("DIRECTV") and DirectSat USA, LLC ("DirectSat") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this response in opposition to Plaintiffs' "Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint."[1]

## INTRODUCTION

In yet another attempt to avoid the inevitable, Plaintiffs submit a Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (the "Motion").  If the Court grants Plaintiffs' request, it would mark at least their *fourth* attempt to properly bring the same wage-and-hour claims by way of various different litigations stemming back to 2010.  Setting the futility of any purported amendments aside, Plaintiffs' provisional and conditional request to bring such amendments lacks conformity with Sixth Circuit precedent and related authority from other courts in this District. As such, the pending Motion must be denied.

## ARGUMENT

Plaintiffs are correct: "[M]erely including a request for leave to amend within a responsive brief may not be sufficient to preserve the request."  D.E. 59 at 1.  But Plaintiffs' Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint is fatally flawed.  Without a proposed "Second" Amended Complaint, Plaintiffs' provisional request to cure their obvious pleading deficiencies falls flat.

---

[1]     Plaintiffs' Motion was actually entitled "Plaintiffs' Conditional Motion for Time Within Which To Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' *Second* Amended Complaint." *See* D.E. 59 (emphasis added).  However, the operative complaint in this matter is, in fact, the *First* Amended Complaint.  *See* D.E. 46 (emphasis added).  Defendants will therefore refer to Plaintiffs' motion by that designation.

1

"Although the Civil Rules do not expressly deal with the manner of presentation of amendments to pleadings, there is substantial authority for the proposition that Civil Rules 7(b)(1) and 15(a) impliedly require submission of the proposed amended pleading with the motion to amend." *Nation v. United States Government*, 512 F. Supp. 121, 124 (S.D. Ohio 1981) (Rice. J.) (citing *Glen Falls Ins. Co. v. Newton Lumber & Mfg. Co.*, 388 F.2d 66 (10th Cir. 1967), *cert. denied*, 390 U.S. 905 (1968); *Schwab v. Nathan*, 8 F.R.D. 227 (S.D.N.Y. 1948); *Lilly v. United States Lines Co.*, 42 F.Supp. 214 (S.D.N.Y. 1941); 3 Moore's Federal Practice, P 15.12.). In line with this principle, other courts in this District routinely deny motions for leave to amend – and the Sixth Circuit has affirmed such denials – where the movant fails to include an accompanying proposed amended pleading. *See, e.g.*, *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006); *The Way Int'l v. Executive Risk Indem., Inc.*, No. 07-294, 2008 WL 906006, at *4 (S.D. Ohio Mar. 31, 2008) (Rice, J.); *Nation*, 512 F.Supp. at 124.

Nevertheless, Plaintiffs attempt to sidestep their pleading requirements by submitting their Motion without a proposed Second Amended Complaint or, for that matter, any hint as to what modifications would be made therein. *See generally* D.E. 59. Yet given their Motion's citation to *Evans*, Plaintiffs are surely aware of these mandatory prerequisites to their request. *See* D.E. 59 at 1. In *Evans*, the Sixth Circuit held that the "district court did not abuse its discretion by denying Evans' first request for leave to amend her complaint because she failed to state the grounds for relief with particularity . . ." *Evans*, 434 F.3d at 853. In so affirming, the *Evans* court noted that "[r]equesting leave to amend under Fed.R.Civ.P. 15(a) is governed by Fed.R.Civ.P. 7(b), which requires that a motion 'shall state with particularity the grounds therefor.'" *Evans*, 434 F.3d at 853 (citation omitted). And, in applying this standard, the Sixth Circuit found that the plaintiff did not state the basis for her motion for leave with adequate

2

particularity because she failed to provide sufficient "grounds or a proposed amended complaint to support her request." *Id.* The Motion at bar proves no different: Plaintiffs include neither a proposed "Second" Amended Complaint nor any reference to any prospective amendments that will cure the deficiencies in the First Amended Complaint. Given this, denial of Plaintiffs' Motion and dismissal of this action is appropriate.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Honorable Court deny Plaintiffs' Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint, with prejudice.

Respectfully submitted:

**FOX ROTHSCHILD LLP**

Dated: June 1, 2015                    By: /s/ Colin D. Dougherty
                                          COLIN D. DOUGHERTY
                                          *Trial Attorney for Defendants*
                                          *DIRECTV, LLC and DirectSat USA, LLC*

3

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document

to be filed electronically with this Court, where it is available for viewing and downloading from

the Court's ECF system, and that such electronic filing automatically generates a Notice of

Electronic Filing constituting service of the filed document, upon the following:

STUEVE SIEGEL HANSON LLP
George A. Hanson
460 Nichols Road, Suite 200
Kansas City, MO 64112
hanson@stuevesiegel.com

Ryan D. O'Dell
550 West C. Street, Suite 1750
San Diego, CA 92101
odell@stuevesiegel.com

LAW FIRM OF ANDREW BILLER
Andrew Biller
Easton Town Center
4200 Regent Street
Columbus, OH 43219
andrewbilleresq@gmail.com

LEAR WERTS LLP
Bradford B. Lear
Todd C. Werts
2003 W. Broadway, Suite 107
Columbia, MO 65203
werts@learwerts.com
lear@learwerts.com

*Attorneys for Plaintiffs*

DUANE MORRIS LLP
Michael Tiliakos
Natalie F. Hrubos
1540 Broadway
New York, NY 10036-4086
mtiliakos@duanemorris.com
nfhrubos@duanemorris.com

Kenneth M. Argentieri
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802
kmargentieri@duanemorris.com

*Attorneys for Defendant Multiband Corp.*

Dated:  June 1, 2015          By: /s/ Colin D. Dougherty
                                   Colin D. Dougherty